# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3307
_____

Arthur Daniel Smith

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 18, 2018
Filed: January 10, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Arthur Smith received a 180-month prison sentence under the Armed Career Criminal Act ("ACCA") after he pleaded guilty to being a felon in possession of a firearm and ammunition. He later moved to correct his sentence, but the district

court denied relief on the ground that he had three prior convictions for "violent felon[ies]." 18 U.S.C. § 924(e)(1). We reverse.

ACCA establishes a mandatory-minimum sentence of 180 months in prison for a felon-in-possession who has "three previous convictions . . . for a violent felony." *Id.* As relevant here, federal law defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B). Whether Smith has been convicted of three violent felonies, as the district court found, is an issue we review de novo. *See United States v. Willoughby*, 653 F.3d 738, 741 (8th Cir. 2011).

The district court counted three of Smith's previous North Dakota convictions—burglary, aggravated assault, and terrorizing—when it designated him as an armed career criminal and imposed a mandatory-minimum sentence. On appeal, Smith argues that none of these convictions is for a violent felony. We need not address all three because one, aggravated assault, is not a violent felony under ACCA.

The record indicates that Smith was convicted under either subsection (a) or subsection (b) of North Dakota's aggravated-assault statute, *see* N.D. Cent. Code § 12.1-17-02(1)(a), (b), and "we must presume that the conviction rested upon nothing more than the least of the acts criminalized," *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (internal quotation marks, brackets, and citation omitted). Of the two possibilities, the "least of the acts criminalized" is a violation of subsection (a), which does not require as an element the use, attempted use, or threatened use of physical force because it covers reckless driving. *United States v. Schneider*, 905 F.3d 1088, 1092 (8th Cir. 2018) (citing *United States v. Ossana*, 638 F.3d 895, 903 (8th Cir. 2011)). Under our precedent, therefore, one of Smith's convictions drops away, and he is left with at most two, not the necessary three, violent felonies.

Accordingly, we reverse and remand for further consideration of Smith's motion to correct his sentence.

_____